UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61507-CIV-DAMIAN

LEYKERS ALEXANDER TORRES LUCENA,

Petitioner,

v.

GARRETT J. RIPA,
ICE FIELD OFFICE DIRECTOR, *et al.*,

Respondents.

_____/

ORDER DISMISSING PETITION WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Petitioner, Leykers Alexander Torres Lucena's ("Petitioner"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"), Respondents' Response to Order to Show Cause ("Response") [ECF No. 6], and Respondents' Response to Order Directing Response ("Supp. Response") [ECF No. 8].

THE COURT has reviewed the Petition, the Response, the Supp. Response, and the record in this case and is otherwise fully advised. Petitioner challenges his immigration detention on due process grounds, alleging that his continued custody is unlawful, and he requests either immediate release or, alternatively, an individualized bond hearing. *See generally* Pet.

After Respondents filed their Response, the Court directed Respondents to advise whether Petitioner had received a custody redetermination hearing and to provide the Immigration Judge's order. [ECF No. 7]. Respondents thereafter filed the Supplemental Response advising that Petitioner received an individualized custody redetermination

hearing before an Immigration Judge, who ordered Petitioner released on a $15,000 bond subject to certain conditions. Supp. Response; *see also* Order of the Immigration Judge [ECF No. 8-2].

A writ of habeas corpus may issue to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court has jurisdiction over challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Nevertheless, federal courts are limited by Article III of the Constitution to resolving actual, ongoing cases or controversies. "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (alteration in original). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed." *Id*. at 1336.

Here, the relief requested in the Petition has been provided. Petitioner has received an individualized bond hearing before an Immigration Judge, and the Immigration Judge granted Petitioner's request for release on bond. Because the Court cannot grant any additional meaningful relief with respect to Petitioner's request for a bond hearing, the Petition no longer presents a live controversy.

Accordingly, and for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition **[ECF No. 1]** is **DENIED AS MOOT**. This case is **CLOSED**.

All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at the Southern District of Florida, this 17th day of July, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

3